## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

**BRENDA CUNNINGHAM,**        )
**Administrator of the Estate of**    )
**Charles Cunningham and individually**  )
**on behalf of the heirs at law of Charles**  )
**Cunningham, deceased,**       )
                 )
        **Plaintiff,**      )
                 )
                 )
**vs.**               )    **Case No. 05-4012-JAR-KGS**
                 )
**MERCK & CO., INC. et al.,**     )
                 )
        **Defendants.**    )
_____)

### MEMORANDUM AND ORDER OF DISMISSAL

On December 16, 2011, Magistrate Judge Sebelius issued an Order providing that Plaintiff Brenda Cunningham shall have up and until December 30, 2011, within which to show cause in writing why the case should not be dismissed for failure to prosecute under Fed. R. Civ. P. 41(b).  Plaintiff has not responded to the Order to Show Cause, and as explained more fully below, the Court dismisses this action with prejudice.

This case was transferred in 2005 to the United States District Court for the District of Massachussetts by the Judicial Panel on Multidistrict Litigation ("JPML").  Eventually, that court remanded the case back to this district on May 6, 2011.  Plaintiff proceeded pro se.  Upon remand, Judge Sebelius conducted three status conferences by telephone with Plaintiff.  The first two status conferences were conducted on August 24, 2011 and September 27, 2011.  Plaintiff represented to the court that she was attempting to secure new counsel.  At the third status conference on November 21, 2011, Plaintiff told Judge Sebelius that she had not found counsel

who was willing to represent her but was speaking with counsel Kathleen Urbom, who was assisting Plaintiff in finding counsel. The Court set the matter for a telephonic scheduling conference on December 14, 2011.

On December 7, 2011, Defendants' counsel informed Judge Sebelius that Plaintiff had agreed to dismiss her case and sign a stipulation of dismissal. But Judge Sebelius did not cancel the December 14 scheduling conference and his staff left a voice message for Plaintiff that the scheduling conference would not be cancelled. Plaintiff did not appear for the December 14 scheduling conference. On December 16, 2011, Judge Sebelius heard from Ms. Urbom and Defendants' counsel by telephone. Ms. Urbom told Judge Sebelius that she was unable to secure counsel for Plaintiff and that she was ceasing any efforts to find counsel for Plaintiff. Later that day, Judge Sebelius issued the Order to Show Cause and sent it to Plaintiff by certified mail. The certified mail receipt shows that Plaintiff received the Order to Show Cause on December 19, 2011.

Pursuant to Fed. R. Civ. P. 41(b), "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." The Court has discretion to sanction a party for failure to prosecute, including dismissing the case.[1] "When dismissing a case without prejudice, 'a district court may, without abusing its discretion, enter such an order without attention to any particular procedures.'"[2] A dismissal with prejudice, however, is a harsh remedy and the Court must first consider the following non-

---

[1]*See, e.g.*, *AdvantEdge Bus Grp. v. Thomas E. Mestmaker & Assocs., Inc.*, 552 F.3d 1233, 1236 (10th Cir. 2009); *Reed v. Bennett*, 312 F.3d 1190, 1195 (10th Cir. 2002).

[2]*AdvantEdge Bus Grp.*, 552 F.3d at 1236 (quoting *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1162 (10th Cir. 2007)).

exhaustive list of factors: "(1) the degree of actual prejudice to the other party; (2) the amount of interference with the judicial process; (3) the litigant's culpability; (4) whether the court warned the party in advance that dismissal would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions."[3]

All of these factors counsel in favor of dismissal with prejudice as an appropriate sanction for plaintiff's failure to prosecute in this case.  Defendants have suffered actual prejudice by appearing through counsel at four separate hearings at which Plaintiff was unprepared to proceed.  The remand order was finalized in May 2011 and the Court's efforts to set this matter for a scheduling conference have been repeatedly delayed by Plaintiff's inability to secure counsel.  It appears that Plaintiff was prepared to sign a stipulation of dismissal as of December 7, 2011 and then failed to appear for the scheduling conference set for December 14, despite the Court's reminder that the hearing would proceed even if the parties had settled the matter.  Plaintiff has failed to secure counsel in this matter and Ms. Urbom represented to the Court that she neither wishes to appear on behalf of Plaintiff nor to secure alternate counsel for Plaintiff.  Given Plaintiff's lack of appearance at the December 14 scheduling conference and failure to respond to the Order to Show Cause, the Court is unable to find that a lesser sanction would be effective.  For all of these reasons, the Court finds that dismissal with prejudice is warranted.

**IT IS THEREFORE ORDERED BY THE COURT** that this action is **dismissed with prejudice.**

Dated: January 6, 2012

---

[3]*Id.* (citations and quotations omitted).

 S/ Julie A. Robinson

JULIE A. ROBINSON
UNITED STATES DISTRICT JUDGE